THE HIGHLAND UNIVERSITY COMPANY v. JOHN
S. LONG.

No. 372.

1. PRACTICE—*Not Duty of Court to Advise Counsel.* At the beginning of the trial of this case, counsel for plaintiff asked the court's advice as to whether the burden of proof was upon him. The court declined to give the advice. Plaintiff then assumed the burden of proof in the case and offered his evidence in support of the allegations of his petition. *Held,* That the refusal of the court to advise counsel as to the burden of proof was not error.

2. PROMISSORY NOTE—*Conditions in—Proof Necessary.* The suit was upon a promissory note made payable in five years after date, with the following conditions: "This note is given for the endowment fund of Highland University, the interest only to be used for general expenses. If at the end of five years a second chair is not endowed in Highland University, this note is to be canceled and returned to me. This note is to be void unless the first $20,000 is secured by September 1, 1885; and if the school ever fails to go forward the principal reverts to the giver." *Held,* That, as a condition of recovery, it was necessary for the plaintiff to prove that a second chair had been endowed, and that the first endowment of $20,000 had been secured by September 1, 1885.

3. ——— *Procured by False Representations—Instructions.* The defendant alleged in his answer that he was induced to give

the note by the false and fraudulent representations of the agent of the plaintiff who solicited the subscription. One Johnson had proposed to subscribe $10,000 to the endowment of the chair in the university, upon condition that the citizens of Highland and vicinity would subscribe an equal amount therefor, and upon additional conditions the same as those inserted in the note given by the defendant. It was claimed by the plaintiff, and the evidence tended to prove, that Johnson had attached other and different additional conditions to his subscription which were not disclosed to the defendant, but that the agent stated to the defendant that Johnson's subscription was upon the same conditions as those contained in the note of the defendant. The court instructed the jury: "If you believe from the evidence that plaintiff, having knowledge of the conditions attached to the Johnson subscription and of his purpose to require them to be inserted in his final obligation, represented through its agent that he, Johnson, would deliver his note in like form and character to the one sued on herein, for the sum of ten thousand dollars, and if you believe further from the evidence that said defendant believed and relied upon said representations and was induced thereby to execute the note sued on, and that said representations were false, then the plaintiff cannot recover." *Held*, That the giving of this instruction was not error.

Error from Doniphan district court; R. M. EMERY, judge. Opinion filed July 8, 1898. Affirmed.

*James Falloon*, for plaintiff in error.

*Albert Perry*, *S. L. Ryan*, and *W. I. Stuart*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : The first assignment of error in the plaintiff's brief is that the court withheld its advice as to whether it was necessary to introduce evidence upon the issues joined in order to make a *prima facie* case for the plaintiff. We do not understand that it is the duty of the court to advise counsel as to the effect of their pleadings, unless upon a question or joined issue of some kind requiring a decision between the parties. There was no controversy between coun-

sel at the time. Counsel for plaintiff simply asked the court to advise him whether it was necessary for him to introduce evidence or not. The court declined to do so, and in this committed no error.

The next contention is that the court erred in saying to the jury, in the third paragraph of its instructions, that the plaintiff had assumed the burden of proof, and that the burden was upon the plaintiff to prove by a preponderance of the evidence the allegations of its petition, to the effect that the conditions upon which the note sued upon became payable had happened and had been performed as therein expressed. The note reads as follows :

"Five years from date, or upon the endowment of a second chair after date, I promise to pay to the treasurer of Highland University $500, for value received, at the rate of seven per cent. per annum, at Highland, Kan., and if the interest is not paid punctually when due it shall become a part of the principal and bear interest at the same rate. This note is given for the endowment fund of Highland University, the interest only to be used for general expenses. If at the end of five years a second chair is not endowed in Highland University, this note is to be canceled and returned to me. This note to be void unless the first $20,000 is secured by September 1, 1885 ; and if the school ever fails to go forward the principal reverts to the giver."

Counsel for the plaintiff contends that the endowment of the second chair of the university and the securing of the $20,000 for the first chair by the 1st of September, 1885, were conditions subsequent, and hence it was not necessary to show that they had been performed in order to entitle the plaintiff to recover. The contention is that they were to happen after the giving of the note. But from the very terms of the note it appears that the payment of the principal was conditioned upon the performing of the two require-

ments therein expressed. The instruction of the court was correct.

The third complaint is that the court instructed the jury that if it believed that the plaintiff, having knowledge of the conditions which Johnson had attached to his subscription and of his purpose to insert them in his final obligation therefor, represented through its agent that Johnson would deliver his note in like form and character to the one sued on for the sum of $10,000, and that said defendant believed and relied on said representations, and was induced thereby to execute the note sued on, and that said representations were false, then the plaintiff could not recover. The note sued upon was a voluntary subscription, without other consideration than that others had likewise subscribed with the intent and purpose to reach a certain end, that is, the permanent establishment of a chair in the university by permanent endowment therefor. One, in such case, is not bound unless all are bound. If the other parties to the subscription fail, the obligation of one alone cannot be enforced. That the obligation of Johnson, who proposed to subscribe one half of the entire endowment, was invalid or was based upon conditions other than and different from those contemplated by the subscribers, was a fact material for each to know ; and if the defendant was induced, by the false representations of the plaintiff's agent as to what the conditions were which were attached to the subscription of Johnson, the principal subscriber to the fund, to subscribe upon an entirely false basis, it cannot be said that he legally subscribed at all, or that his attempt to subscribe was a binding obligation upon him. Under the evidence, the instruction was a correct statement of the law governing the case.

The next contention is that the court committed

error in instructing the jury that, before the plaintiff could recover, it must prove by a preponderance of the evidence that the conditions upon which the subscriptions were made had been performed. There was no error in this.

The next contention is that there is no evidence to support findings Nos. 19, 20, 21 and 22 of the jury. Finding No. 19 is wholly immaterial in the case. It should not have been submitted to the jury. It is not necessary to support the general verdict, nor would it aid the plaintiff in error in any manner by being answered one way or the other. Substantially, the answer is true, although, technically, the evidence is against it. Johnson, according to the undisputed evidence, did not agree absolutely to pay $10,000 to the endowment fund if the citizens of Highland and vicinity would pay a like sum. The jury answered "No" to this question, although it is a fact that Johnson did, upon conditions, agree to pay interest upon $10,000, expressly retaining the fund under his own personal control.

Finding No. 20 is supported by the evidence as properly construed. No one denies that Johnson executed the writing dated June 1, 1885, mentioned in the proceedings upon the trial, and no one contends that he did this on the 1st day of June, 1885. The question is, Did he do it on the 1st of June? The question is not material, and its answer was wholly unnecessary so far as a decision of the case is concerned. It is not necessary that it should be answered "yes" or "no" to sustain the general verdict.

The twenty-first special finding of the jury is that the agent of the plaintiff did not, at the time he took the note sued upon, know the contents of Johnson's contract of subscription. No other answer could have

12—7 KAN. APP.

been given to this question. The contract of subscription was not in existence at the time the note was secured ; hence the agent of the plaintiff could not have known what its contents were.

The twenty-second finding is that the agent of the plaintiff did not conceal from the defendant the conditions and terms of Johnson's subscription. The same remarks apply to this finding. No other answer could have been made. The subscription itself was not made at the time the note was made upon which the suit was brought. The proposition of Johnson was to subscribe upon certain conditions ; and it was only after all the notes for the $10,000 to be raised by the citizens of Highland and vicinity had been raised and submitted to him that he would subscribe at all.

The next contention is that the court erred in denying the motion of the plaintiff for judgment upon the evidence of the defendant. It is sufficient to say that there were questions of fact in issue left undetermined by the evidence, or upon which there was a contrariety of evidence, which necessarily had to be submitted to the jury. The court committed no error in this.

The next contention is that the court erred in overruling the plaintiff's motion for a new trial. There is no error in the proceedings of the court upon the trial requiring this motion to be sustained. The court was guilty of no error in the course of the trial tending to the prejudice of the plaintiff. The plaintiff cannot complain of the rulings adverse to the defendant, nor can it complain that the court gave instructions to the jury which it itself asked through its counsel. There is nothing disclosed by the record warranting a reversal of the judgment.

Judgment affirmed.